Filing # 240920331 E-Filed 02/03/2026 05:03:05 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

FENGXIA WANG,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,
a Foreign For Profit Corporation, and
LATOYA ADEYEMI, an individual,

Defendants.
_____________________________/

CASE NO. ________________

**JURY TRIAL DEMANDED**

**COMPLAINT and DEMAND FOR JURY TRIAL**

Plaintiff, FENGXIA WANG (hereinafter "Plaintiff"), by and through undersigned attorney, sues the Defendants, COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO") and LATOYA ADEYEMI (hereinafter "MANAGER"), and alleges as follows:

1. This is an action for damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of interest and costs and within the jurisdiction of this Court.

2. At all times material hereto, Plaintiff, FENGXIA WANG, was *sui juris* and a resident of BROWARD county, Florida.

3. At all times material hereto, and at the time of the incident complained of, Defendant, COSTCO, is and was a Washington corporation, authorized to do business in the State of Florida and doing business in BROWARD County, Florida.

4. Defendant, COSTCO, at all times material hereto, personally or through an agent in BROWARD County, Florida:

a. Operated, conducted, engaged in, or carried on its business venture in BROWARD County, Florida;

b. Had an office or agency in BROWARD County, Florida;

c. Engaged in substantial activity within this State; and/or

d. Committed one or more acts enumerated in Section 48.081, 48.181, 48.193, Florida Statutes.

5. At all times material hereto, Defendant, MANAGER, was *sui juris* and a resident of MIAMI-DADE county, Florida.

6. At all times material hereto, Defendant, COSTCO, owned, possessed, managed, and/or exercised control over a premises located at or near 1890 South University Drive, Davie, BROWARD County, Florida, 33324, USA (hereinafter "the Premises").

7. At all times material hereto, the Premises was open to the public as COSTCO.

8. On or about August 3, 2024, Plaintiff, FENGXIA WANG, while exercising due care and caution for her own safety, was lawfully on the aforementioned premises, as a business invitee, when she slipped and fell on a dangerous and hazardous condition on the premises. To wit, a slippery substance.

9. As a result of the dangerous and hazardous condition, Plaintiff slipped and fell, causing severe and permanent injuries to Plaintiff, as more fully described forth herein.

10. At all times material to this complaint, Defendant, MANAGER, was employed by Defendant, COSTCO, to manage the Costco store located on the Premises.

11. At all times material to this complaint, Defendant, MANAGER was an agent, apparent agent, servant, employee, and/or an independent contractor of Defendant, COSTCO who

was acting within the course and scope of that position under the control of and/or for the benefit of Defendant, COSTCO.

12. The venue and jurisdiction are proper in BROWARD County, Florida as the incident giving rise to this lawsuit occurred in BROWARD County, Florida.

**COUNT I**
**NEGLIGENCE AGAINST COSTCO WHOLESALE CORPORATION**

Plaintiff re-alleges the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

13. At all times material to the allegations contained herein, Defendant, COSTCO, by and through its employees and/or agents, owed a non-delegable duty to customers, including Plaintiff, FENGXIA WANG, to inspect and maintain the premises, including the isles and walkways, in a reasonably safe condition for their intended uses and free from conditions which would render them dangerous and/or unsafe for Plaintiff.

14. At all times material to the allegations contained herein, Defendant, COSTCO, by and through its employees and/or agents, owed a non-delegable duty to warn Plaintiff, FENGXIA WANG, of dangers which are known or should be known to Defendant, COSTCO, in the exercise of due care.

15. At the aforementioned time and place, Defendant, COSTCO, acted negligently and carelessly, and breached its duty of care to Plaintiff, FENGXIA WANG, by committing one or more of the following acts of commission and/or omission:

a. by negligently and carelessly causing the slippery substance and/or object to get on the floor, thereby creating a dangerous and hazardous condition;

b. by negligently creating a slip hazard to members of the public utilizing said Premises, including Plaintiff herein, thereby creating a dangerous and hazardous

condition;

c. by failing to inspect or adequately inspect the floor of the Premises where persons walk or navigate around the subject Premises, which was poorly maintained, thereby creating a dangerous and hazardous condition as aforesaid;

d. by failing to detect and/or choosing not to correct aforesaid dangerous condition, although it knew, or in the exercise of reasonable care, should have known existed on the floor, and it further represented to its customers that its premises was safe and suitable when, in fact, it was not because of the dangerous and hazardous condition as aforesaid;

e. by failing to provide adequate warnings in writing and/or other reasonable notice of the previously described dangerous and hazardous condition to customers, including Plaintiff, FENGXIA WANG, although it knew, or in the exercise of reasonable care, should have known, about the existence of said condition;

f. by failing to inspect or adequately warn Plaintiff, FENGXIA WANG of the dangerous or hazardous condition, when Defendant knew or through the exercise of reasonable care should have known that the floor of the Premises was unreasonably dangerous, and that Plaintiff was unaware of same;

g. by failing to inspect and/or maintain the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of the same had Defendant exercised reasonable care;

h. by failing to detect and/or remove the liquid substance on the floor, although it knew or should have known of the existence of said substance and/or object on the floor;

i. by failing to provide adequate warnings and/or give reasonable notice of the dangerous condition, although it knew or should have known of the existence of said substance and/or object on the floor; and/or

j. otherwise failing to act reasonably under the circumstances.

16. The Defendant, COSTCO, had actual or constructive knowledge of the dangerous condition, as it had existed for such a length of time so that, in the exercise of ordinary care, Defendant knew or should have known of the condition, and/or the condition occurred with regularity and was therefore foreseeable.

17. The Defendant COSTCO, had actual or constructive knowledge of the dangerous condition, as it had existed for such a length of time so that, in the exercise of ordinary care, Defendant knew or should have known of the condition, and/or condition occurred with regularity and was therefore foreseeable.

18. As a direct and proximate result of the negligence of Defendant, COSTCO, Plaintiff, FENGXIA WANG, was injured in and about the body and suffered: permanent injury, disability, disfigurement, scarring, pain and suffering, aggravation of a preexisting condition, loss of past wages, loss of future earning capacity, mental anguish, loss of enjoyment of life, and Plaintiff, FENGXIA WANG, incurred medical expenses in the care and treatment of said injuries; all of said injuries are permanent within a reasonable degree of medical probability, and will require future medical treatment. Plaintiff, FENGXIA WANG, will incur future damages.

**WHEREFORE**, the Plaintiff, FENGXIA WANG, demands judgment from the Defendant COSTCO WHOLESALE CORPORATION in an amount in excess of Fifty Thousand Dollars ($50,000.00) as and for compensatory damages exclusive of interests and costs, which he prays for in addition thereto.

## COUNT II
## NEGLIGENCE AGAINST LATOYA ADEYEMI

Plaintiff re-alleges the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

19. At all times material to the allegations contained herein, Defendant, MANAGER, was an employee of COSTCO, and acted within the course and scope of that position to further COSTCO's business interests.

20. At all times material to this complaint Defendant, MANAGER, had a duty to care to all invitees including Plaintiff, FENGXIA WANG, to keep the subject premises in a reasonably safe condition.

21. At the aforementioned time and place, Defendant, MANAGER, acted negligently and carelessly, and breached its duty of care to Plaintiff, FENGXIA WANG, by committing one or more of the following acts of commission and/or omission:

a. by negligently and carelessly causing the slippery substance and/or object to get on the floor, thereby creating a dangerous and hazardous condition;

b. by negligently creating a slip hazard to members of the public utilizing said Premises, including Plaintiff herein, thereby creating a dangerous and hazard condition;

c. by failing to inspect or adequately inspect the floor of the Premises where persons walk or navigate around the subject Premises, which was poorly maintained, thereby creating a dangerous and hazardous condition as aforesaid;

d. by failing to detect and/or choosing not to correct aforesaid dangerous condition, although it knew, or in the exercise of reasonable care, should have known existed on the floor, and it further represented to its customers that its premises was safe and suitable when, in fact, it was not because of the dangerous and hazardous condition as aforesaid;

e. by failing to provide adequate warnings in writing and/or other reasonable notice of the previously described dangerous and hazardous condition to customers, including Plaintiff, FENGXIA WANG, although it knew, or in the exercise of reasonable care, should have known, about the existence of said condition;

f. by failing to inspect or adequately warn Plaintiff, FENGXIA WANG of the dangerous or hazardous condition, when Defendant knew or through the exercise of reasonable care should have known that the floor of the Premises was unreasonably dangerous, and that Plaintiff was unaware of same;

g. by failing to inspect and/or maintain the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of the same had Defendant exercised reasonable care;

h. by failing to detect and/or remove the liquid substance on the floor, although it

knew or should have known of the existence of said substance and/or object on the floor;

i. by failing to provide adequate warnings and/or give reasonable notice of the dangerous condition, although it knew or should have known of the existence of said substance and/or object on the floor;

j. by failing to follow Defendant COSTCO's safety protocols; and/or

k. otherwise failing to act reasonably under the circumstances.

22. The Defendant, MANAGER, had actual or constructive knowledge of the dangerous condition, as it had existed for such a length of time so that, in the exercise of ordinary care, Defendant knew or should have known of the condition, and/or the condition occurred with regularity and was therefore foreseeable.

23. The Defendant, MANAGER, was aware constructively or actually of the above-mentioned dangerous and hazardous condition, MANAGER, and failed to warn the plaintiff of such.

24. As a direct and proximate result of the negligence of Defendant, MANAGER, Plaintiff, FENGXIA WANG, was injured in and about the body and suffered: permanent injury, disability, disfigurement, scarring, pain and suffering, aggravation of a preexisting condition, loss of past wages, loss of future earning capacity, mental anguish, loss of enjoyment of life, and Plaintiff, FENGXIA WANG, incurred medical expenses in the care and treatment of said injuries; all of said injuries are permanent within a reasonable degree of medical probability, and will require future medical treatment. Plaintiff, FENGXIA WANG, will incur future damages.

**WHEREFORE**, the Plaintiff, FENGXIA WANG, demands judgment from the Defendant, LATOYA ADEYEMI, in an amount in excess of Fifty Thousand Dollars ($50,000.00) as and for compensatory damages exclusive of interests and costs, which she prays for in addition thereto.

**DEMAND FOR JURY TRIAL**

Plaintiff, FENGXIA WANG, respectfully demands a trial by jury of all issues and counts so triable herein.

Respectfully submitted this 3rd February 2026.

**ROSEN INJURY LAW**
*Attorney for Plaintiff*
5599 S. University Dr., Suite 206
Davie, FL 33328
Telephone: 954-787-1500
Fax: 954-856-2119
eric@roseninjury.com
elaine@roseninjury.com

By: */s/ Eric S. Rosen*
**ERIC S. ROSEN**
Florida Bar No. 46383
**ELAINE LOIBMAN ROPER**
Florida Bar No. 1031280